Model Plan  
11/22/2013

Trustee: ☑ Marshall  ☐ Meyer  
☐ Stearns  ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| In re: | ) | Case No. **15-36008** |
|---|---|---|
| **Robert J. Graves** | ) | |
| | ) | |
| Debtors. | ) | Original Chapter 13 Plan, dated November 19, 2015 |

☑ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **4**; (b) their ages are **2 Adults & 2 Minor Children**; (c) total household monthly income is $ **12,038.77**; and (d) total monthly household expenses are $ **8,839.33**, leaving $ **3,199.44** available monthly for plan payments.

2. The debtor's Schedule J includes $ **50.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **60** months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

1

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☑ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __Caliber Home Loans__ , monthly payment, $ __2,833.00__

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ __3,200.00__ monthly for __12__ months [and **$3,880.00 per month for 48 months**], for total payments, during the initial plan term, of $ __224,640.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☑ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/

☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __11,232.00__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**-NONE-**

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **0.00**. [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **1,920.00**. [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor **Caliber Home Loans**, arrears of $ **209,509.51**, payable monthly from available funds, pro rata with other mortgage arrears,
☑ without interest /or/ ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ **209,509.51**.

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00**. [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all payments to this special class is estimated to be $ **N/A**. [Enter this amount on Line 2g of Section H.]

Reason for the special class: **N/A**.

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☑ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than **N/A** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                     Best Case Bankruptcy

9. *Interest*.  ☑ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)  $ 224,640.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees  $ 11,232.00
   (b) Current mortgage payments  $ 0.00
   (c) Payments of other allowed secured claims  $ 0.00
   (d) Priority payments to debtor's attorney  $ 1,920.00
   (e) Payments of mortgage arrears  $ 209,509.51
   (f) Payments of non-attorney priority claims  $ 0.00
   (g) Payments of specially classified unsecured claims  $ 0.00
   (h) Total [add Lines 2a through 2g]  $ 222,661.51

(3) Estimated payments available for GUCs and interest during initial plan term [subtract Line 2h from Line 1]  $ 1,978.49

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)  $ 1,847.00
   (b) Minimum GUC payment percentage  100 %
   (c) Estimated minimum GUC payment [multiply line 4a by line 4b]  $ 1,847.00
   (d) Estimated interest payments on unsecured claims  $ 0.00
   (e) Total of GUC and interest payments [add Lines 4c and 4d]  $ 1,847.00
   (f) Payments available during initial term [enter Line 3]  $ 1,978.49
   (g) Additional payments required [subtract Line 4f from Line 4e]  $ -131.49

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee  $ N/A
   (b) Months in maximum plan term after initial term  N/A
   (c) Payments available [multiply line 5a by line 5b]  $ N/A

| | |
|---|---|
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |

**Signatures**  Debtor(s) [Sign only if not represented by an attorney]

_____  _____  Date _____

**Debtor's Attorney**   /s/ Charles L. Magerski               Date  November 19, 2015

*Attorney Information (name, address, telephone, etc.)*

> **Charles L. Magerski**
> **Sulaiman Law Group, Ltd.**
> **900 Jorie Boulevard**
> **Suite 150**
> **Oak Brook, IL 60523**
> **630-575-8181**
> **Fax: 630-575-8188**

**Special Terms** *[as provided in Paragraph G]*

**1.** Unsecured claims filed after the claim bar date shall not be paid by the Chapter 13 Trustee.

**2.** Debtor shall make direct payments to Wells Fargo Dealer Services for 2009 Kia Sportage with 47,000 Miles. Wells Fargo Dealer Services is authorized to send monthly statements directly to the Debtor.

**3.** Debtor shall make direct payments to Wells Fargo Dealer Services for 2012 Jeep Wrangler with 79,000 Miles. Wells Fargo Dealer Services is authorized to send monthly statements directly to the Debtor.

```
                               United States Bankruptcy Court
                               Northern District of Illinois
In re:                                                                  Case No. 15-36008-TAB
Robert J Graves                                                         Chapter 13
         Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0752-1          User: cgreen                Page 1 of 2                 Date Rcvd: Nov 20, 2015
                              Form ID: pdf001             Total Noticed: 51


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 22, 2015.
db             +Robert J Graves,    3349 North Pittsburgh Avenue,    Chicago, IL 60634-2831
23844006       +Anselmo Lindberg Oliver, LLC,    1771 W. Diehl, Suite 150,    Naperville, IL 60563-4947
23844008       +Blatt Hasenmiller F L,    125 S. Wacker Drive #400,    Chicago, IL 60606-4440
23844009       +Blatt, Hasenmiller, Leibsker and Moore,,    10 South LaSalle Street,    Suite 2200,
                 Chicago, IL 60603-1069
23844010       +Caliber Home Loans,    PO Box 24330,   Oklahoma City, OK 73124-0330
23844012       +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
23844013       +Cook County Clerk,    69 W. Washington, Suite 500,    Chicago, IL 60602-3030
23844015       +Cook County Department of Revenue,    118 N. Clark Street,   #1160,    Chicago, IL 60602-1315
23844016        Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23844017       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23844018       +Freedman Anselmo Lindberg,    1771 W. Diehl, Suite 150,   Naperville, IL 60563-4947
23844019       +Freedman Anselmo Lindberg LLC,    Po Box 3228,   Naperville, IL 60566-3228
23844022        Household Finance Corporation,    PO Box 1231,   Brandon, FL 33509-1231
23953091       +Janay Graves,   3349 N Pittsburgh Avenue,    Chicago, IL 60634-2831
23844025       +MCSI Inc,   7330 College Drive, Suite 108,    Palos Heights, IL 60463-1186
23844024       +Mcsi Inc,   Po Box 327,    Palos Heights, IL 60463-0327
23844029        Monogram Credit Bank,    PO Box 68894,   Des Moines, IA 50368
23844030        Plaza Dental Group,    338 N Harlem Avenue,   Chicago, IL 60634
23844035       +Robert J. Graves,    3349 N. Pittsburgh Avenue,   Chicago, IL 60634-2831
23844036       +Saporta Stephen T,    1256 W. Jefferson #202,   Joliet, IL 60435-6889
23844037       +Sonnenschein Financial Services,    2 Transam Plaza Drive, Suite 3,
                 Oakbrook Terrace, IL 60181-4823
23844038       +Target Credit Card (TC),    P.O. Box 9475,   Minneapolis, MN 55440-9475
23844039       +Target National Bank,    3701 Wayzata Boulevard,    MS-3CG,   Minneapolis, MN 55416-3401
23844040       +Target Red Card,    PO Box 660170,   Dallas, TX 75266-0170
23844042       +The Bureaus Inc.,    650 Dundee Road,   Ste 370,    Northbrook, IL 60062-2757
23844043       +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210
23844044       +Tryad Specialties Inc,    2015 Dean Street,   Saint Charles, IL 60174-1577
23910731        U.S. Bank Trust, N.A.,    c/o Manley Deas Kochalski LLC,    P.O. Box 165028,
                 Columbus, OH 43216-5028
23952984       ++US BANK,    PO BOX 5229,   CINCINNATI OH 45201-5229
                 (address filed with court:    US Bank,   4801 Frederica Street,    Owensboro, KY 42301)
23952985       +US Bank,   505 N 7th Street,    Saint Louis, MO 63101-1608
23952986       +US Bank Corp,    PO Box 5220,   Cincinnati, OH 45201-5220
23844045       +US Bank Home Mortgage,    US Bancorp Center,   800 Nicollet Mall,    Minneapolis, MN 55402-2511
23844046       +Village of Hillside,    425 Hillside Avenue,   Hillside, IL 60162-1695
23844047       +Village of Wilmette,    1200 Wilmette Avenue,   Wilmette, IL 60091-2793
23907308        Wells Fargo Bank NA,    d/b/a Wells Fargo Dealer Services,    PO Box 19657,
                 Irvine, CA 92623-9657
23844048       +Wells Fargo Bank, N.A.,    420 Montgomery Street,    San Francisco, CA 94104-1298
23844050       +Wells Fargo Dealer Services,    P.O. Box 1697,   Winterville, NC 28590-1697
23844049       +Wells Fargo Dealer Services,    Po Box 3569,   Rancho Cucamonga, CA 91729-3569

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23844011       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 21 2015 01:17:17     Capital One, N.A. *,
                 c/o American Infosource,   P.O Box 54529,   Oklahoma City, OK 73154-1529
23844014       +E-mail/Text: rod.support@cookcountyil.gov Nov 21 2015 01:03:00     Cook County Clerk,
                 118 N. Clark Street,   Room 434,   Chicago, IL 60602-1413
23844023       +E-mail/PDF: resurgentbknotifications@resurgent.com Nov 21 2015 01:23:07
                 LVNV Funding LLC its sucessors & assigns,    assignee of Citibank Resurgent Cap Serv,
                 PO Box 10587,   Greenville, SC 29603-0587
23844028       +E-mail/Text: bkr@cardworks.com Nov 21 2015 01:00:26     Merrick Bank,
                 Resurgent Capital Services,    PO Box 10368,   Greenville, SC 29603-0368
23844026       +E-mail/Text: bkr@cardworks.com Nov 21 2015 01:00:26     Merrick Bank,    Po Box 9201,
                 Old Bethpage, NY 11804-9001
23844027       +E-mail/Text: bkr@cardworks.com Nov 21 2015 01:00:26     Merrick Bank,
                 10705 S Jordan Gateway #200,    South Jordan, UT 84095-3977
23844031        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 21 2015 01:16:36
                 Portfolio Recovery,   Attn: Bankruptcy,    Po Box 41067,   Norfolk, VA 23541
23844032        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 21 2015 01:17:32
                 Portfolio Recovery Associates,    Po box 12914,   Norfolk, VA 23541
23844033        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 21 2015 01:16:37
                 Portfolio Recovery Associates LLC,    PO Box 41067,   Norfolk, VA 23541
23844034        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 21 2015 01:17:10
                 Portfolio Recovery Associates, Inc.,    120 Corporate Boulevard,   Norfolk, VA 23502-4962
23844041       +E-mail/Text: bankruptcy@td.com Nov 21 2015 01:02:01     TD Bank, NA,    1701 Route 70 East,
                 Cherry Hill, NJ 08003-2335
23844051       +E-mail/Text: BKRMailOps@weltman.com Nov 21 2015 01:02:02     Weltman, Weinberg & Reis,
                 175 South 3rd Street, Suite 900,    Columbus, OH 43215-5166
23844052       +E-mail/Text: BKRMailOps@weltman.com Nov 21 2015 01:02:02     Weltman, Weinberg & Reis Co., LPA,
                 180 North LaSalle Street, Suite 2400,    Chicago, IL 60601-2704
                                                                                              TOTAL: 13
```

```
District/off: 0752-1                User: cgreen              Page 2 of 2                  Date Rcvd: Nov 20, 2015
                                    Form ID: pdf001           Total Noticed: 51
```

          ***** BYPASSED RECIPIENTS (continued) *****

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23952987*    ++US BANK,   PO BOX 5229,   CINCINNATI OH 45201-5229
             (address filed with court: US Bank, N.A.,   Bankruptcy/Recovery Department,   P.O. Box 5229,
              Cincinnati, OH 45201)
23844007     ##+Bishop, Rossi & Laforte, Ltd,   George F. Laforte, Jr.,   Two TransAm Plaza, Suite 200,
              Oakbrook Terrace, IL 60181-4296
23844020     ##+Freedman Anselmo Lindberg LLC,   1807 W. Diehl Road, Suite 333,   Naperville, IL 60563-1890
23844021     ##Household Finance Corporation,   PO Box 9618,   Virginia Beach, VA 23450-9618
                                                                                       TOTALS: 0, * 1, ## 3

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2015                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 19, 2015 at the address(es) listed below:
              Charles L. Magerski    on behalf of Debtor Robert J Graves Cmagerski@sulaimanlaw.com,
               courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbadwan@sulaimanlaw.co
               m;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
              Marilyn O Marshall    courtdocs@chi13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Todd J  Ruchman    on behalf of Creditor   US Bank Trust N.A. amps@manleydeas.com
                                                                                             TOTAL: 4